IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br><br><br>vs.<br><br><br>JOSE JORGE GARCIA-FIGUEROA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR TIME REDUCTION BY AN INMATE IN FEDERAL CUSTODY<br><br><br><br><br><br><br><br>Case No. 2:10-CR-826 TS |

This matter is before the Court on Defendant's Motion for Time Reduction by an Inmate in Federal Custody.

Defendant was sentenced by this Court to 51 months imprisonment on December 6, 2010. In his Motion, Defendant requests a sentence reduction based on his exclusion from various community-based and drug-treatment services due to his status as a deportable alien. Courts considering such claims have found that they challenge the execution of the sentence and should

1

therefore be brought as a petition under 28 U.S.C. § 2241.[1]  A petition under § 2241 must be

brought in the district in which Defendant is incarcerated.  Defendant is incarcerated in Texas.

Since Defendant is not incarcerated in this district, the Court is without jurisdiction to consider

this claim.

It is therefore

ORDERED that Defendant's Motion for Time Reduction by an Inmate in Federal

Custody (Docket No. 122) is DENIED WITHOUT PREJUDICE to it being brought as a § 2241

petition in the district in which Defendant is incarcerated.

DATED   October 25, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *See United States v. Acevedo*, 7 F.App'x 850, 851 n.2 (10th Cir. 2001) (Defendant's
"equal protection challenge to the differential treatment he receives as a deportable alien in the
federal prison system is not properly brought under § 2255, but should have been filed under 28
U.S.C. § 2241, because it concerns the execution, rather than the imposition, of his sentence.").